ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
AHall@SHJNevada.com
SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (775) 785-0088

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EUFEMIA GUILLEN,<br><br>      Plaintiff,<br>vs.<br><br>B.J.C.R. L.L.C., a Nevada Limited Liability Company; B.J.H.S., LLC., a Nevada Limited Liability Company; R.C.S.J., LLC, a Nevada Limited Liability Company; Dhilan One L.L.C., a Nevada Limited Liability Company; CHAMPAK LAL, an Individual; and BHARAT B. LAL, an Individual,<br><br>      Defendants. | Case No.: 3:20-cv-317-MMD-WGC<br><br>**STIPULATION AND ORDER EXTENDING DISCOVERY**<br>**[Third Request]** |

  Plaintiff Eufemia Guillen ("Plaintiff" or "Guillen") and Defendants B.J.C.R. L.L.C., B.J.H.S., LLC., R.C.S.J., LLC, Dhilan One L.L.C., CHAMPAK LAL, and BHARAT B. LAL (collectively "Defendants"), by and through their respective counsel, hereby stipulate and agree that the discovery cut-off and related deadlines in this case be extended. As detailed further herein, the additional time is necessary to review and produce (subject to a mutually agreeable and Court approved protective order) Plaintiff's immigration records recently received by Plaintiff's counsel from the U. S. Citizenship and Immigration Services ("USCIS") as well as obtain Plaintiff's records from her healthcare providers recently disclosed as witnesses. Additionally, defense counsel is gathering additional information for Plaintiff's consideration of Defendants' request for Plaintiff to voluntarily submit to an independent psychological examination pursuant to Federal Rule of Civil

Procedure 35. Finally, the parties are considering a private mediation in the next six-eight weeks which may resolve the matter prior to incurring expert witness fees. The parties believe an extension of the discovery period by ninety (90) days to **Thursday, May 5, 2022** will provide adequate time to complete the remaining discovery.

This is the third request for an extension of these deadlines. This request is made in good faith and is not for the purpose of delay. Pursuant to LR 26-4, the parties provide the following information to the court in connection with their request for an extension of the discovery deadlines: **A. Statement of Discovery that has been Completed**

The parties have exchanged their initial disclosures of documents and witnesses. To date, the parties have produced nearly 3,000 documents and identified more than 20 witnesses not including the individually named parties. On September 1, 2021, Plaintiff disclosed three treating healthcare providers as witnesses and produced some of those providers' records. In response to Plaintiff's disclosure, defense counsel requested that Plaintiff stipulate to an independent psychological examination pursuant to Federal Rule of Civil Procedure Rule 35. The parties are currently discussing the details and logistics of such an exam in an effort to avoid unnecessary motion practice and Court involvement. In the meanwhile, the parties are in the process of obtaining a full set of Plaintiff's records from those health care providers.

Plaintiff responded to Defendant's first set of interrogatories and requests for production of documents. Plaintiff also served supplemental responses to Defendant's interrogatories and requests for production of documents.

On July 12, 2021, Plaintiff's counsel submitted an authorization for the release of Plaintiff's immigration records from USCIS which were recently produced by USCIS. Plaintiff's counsel is in the process of reviewing the records received from USCIS and crafting a stipulated protective order for the Court's approval governing Plaintiff's immigration records and healthcare records.

**B. Description of the Discovery that Remains to be Completed**

Upon the disclosure of three of Plaintiff's healthcare providers in September, Defendants have decided to seek a Rule 35 examination of Plaintiff. Defendants are gathering additional information for Plaintiff's consideration regarding whether to voluntarily submit to such an examination in order

to avoid motion practice and Court intervention. The parties are also in the process of negotiating the terms of a stipulated protective order regarding Plaintiff's immigration and healthcare records.

All parties agree that an extension of the discovery cutoff date is necessary to enable the parties to gather Plaintiff's health care records and proceed with expert discovery. In the meanwhile, the parties are also considering a private mediation in order to fully resolve the case and possible avoid incurring the expenses of expert discovery. In the event that the parties are unable to resolve the matter though private mediation, the parties intend to set aside a number of consecutive days in March/April in order to conduct in-person depositions of the parties and likely certain other witnesses (including the Plaintiff, Eufemia Guillen, and Defendants, Champak and Bharat Lal) in Elko, Nevada. The parties anticipate they will have to arrange for a court reporter, a translator, and a videographer to travel to Elko, Nevada for these depositions (in addition to counsel traveling from Reno, Nevada and Las Vegas, Nevada).

**C. Reasons the Remaining Discovery was not Completed within the Time Limits set by the Discovery Plan**

Due to the complexity of the issues presented in this case, the number of witnesses involved, complications brought on by the global COVID-19 pandemic and the need to obtain all relevant records (from USCIS and Plaintiff's treating healthcare providers), the parties have not been able to complete discovery as efficiently as initially planned. However, as described in more detail above, the parties have worked diligently to continue conducting discovery.

**D. Proposed Schedule for Completing all Remaining Discovery**

1. *Discovery Cut-Off Date:*

The parties shall complete discovery on or before **May 5, 2022**.

2. *Amending the Pleadings and Adding Parties:*

The date for filing motions to amend the pleadings or to add parties has passed.

3. *Expert Disclosures:*

The last day for disclosures required by FRCP 26(a)(2) concerning experts shall not be later than 60 days before the discovery cut-off date, and, therefore, not later than **March 4, 2022 [March 6, 2022 being a Sunday]**.

The last day for disclosures regarding rebuttal experts shall be due thirty (30) days after the initial disclosure of experts, on **April 4, 2022 [April 3, 2022 being a Sunday]**.

4.   *Dispositive Motions:*

The Parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, not later than **June 6, 2022 [June 4, 2022 being a Saturday].**

5.   *Pretrial Order:*

If no dispositive motions are filed, and unless otherwise ordered by this Court, FRCP 26(a)(3) disclosures shall be made, and the Joint Pretrial order shall be filed not more than thirty (30) days after the date set for filing dispositive motions, and therefore, not later than **July 6, 2022**.  In the event dispositive motions are filed, the last day to file the Joint Pretrial order shall be suspended until thirty (30) days after the ruling on the dispositive motions.

DATED this 30th day of November, 2021.         DATED this 30th day of November, 2021.

KEMP & KEMP, ATTORNEYS AT LAW                   SIMONS HALL JOHNSTON PC

/s/ James P. Kemp                               /s/ Sandra C. Ketner

James P. Kemp, Esq.                             Anthony L. Hall
Nevada Bar No. 6375                             Nevada Bar No. 5977
Kemp & Kemp, Attorneys at Law                   Sandra C. Ketner
7435 W. Azure Drive, Suite 110                  Nevada Bar No. 8527
Las Vegas, Nevada 89130                         690 Sierra Rose Drive
*Attorneys for Plaintiff*                       Reno, NV  89511
                                                *Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

DATED this __1st__ day of __December__, 2021.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

**Barring any unforeseen and unusual circumstances, the court will not favorably receive any further requests for extensions of the discovery deadlines.**